UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) CASE NO: 4:21-CR-47 |
| v. | ) |
| | ) |
| **ERIC T. NAKAMURA** | ) |

**GOVERNMENT'S NOTICE OF INTENT
TO OFFER PROOF OF OTHER CRIMES, WRONGS, AND ACTS**

COMES NOW the United States of America by and through the Acting United States Attorney for the Southern District of Georgia, David H. Estes, and Special Assistant United States Attorney Darron J. Hubbard, pursuant to Fed. R. Evid. 404(b) and Loc. Crim. R. 16.2.

## INTRODUCTION

The Defendant is charged with False Statements Made to a Department or Agency of the United States in violation of Title 18, United States Code, Section 1001(a)(2). For the reasons discussed below, the United States seeks to introduce evidence of the Defendant's additional false statements to investigators regarding the same investigation as such statements are probative motive, intent, knowledge, plan, preparation, and lack of mistake in committing the charged offenses pursuant to Fed.R.Evid. 404(b).

## PROCEDURAL BACKGROUND

On March 3, 2021, a grand jury in the Southern District of Georgia indicted Defendant for a violation of 18 U.S.C. § 1001(a)(2). Doc. 1. On July 13, 2021, Defendant made his initial appearance, was arraigned, and pled not guilty. Doc. 19.

1

The government hereby files this timely Notice pursuant to Fed. R. Evid. 404(b) and SDGA Local Rule 16.2.

## NOTICE REGARDING EVIDENCE TO BE ELICITED

During its case-in-chief, the United States intends to introduce evidence that the defendant made additional false statements to investigators as follows:

1. Evidence that on or about July 21st, 2021, defendant made statements to SA Ryan Holmes of the US Army Criminal Investigation Command formerly the U.S. Army Criminal Investigation Department ("CID"). This statement was made at defendant's home in Beaufort, South Carolina, and consisted of a detailed account of defendant's false claims in which he stated he was stabbed and robbed on July 20th, 201.

2. Evidence that on or about August 5, 2020, defendant made an audio recording in conjunction with his spouse at an unverified location, and supplied that recording to members of the CID. This statement consisted of another detailed account of defendant's false claims in which he stated he was stabbed and robbed on July 20th, 201.

3. Evidence that throughout the course of USACID's investigation, in which Mr. Nakamura made further false statements to other investigative bodies, including to members of the Georgia Bureau of Investigations, members of the Beaufort County Sheriff's Office, and members of the Army command structure on Hunter Army Airfield, as documented in the discovery previously provided to the defense.

## **BASIS FOR INTRODUCTION**

The government intends to introduce this evidence in order to prove the defendant's motive to lie, his plan to persist in false statements to investigators, and the absence of a mistake and lack of accident on the charged dates, times, and locations. The government has already provided witness statements regarding the additional statements to the Defense.

In addition, the production to the defendant in discovery of any evidence of prior wrongs, crimes, or acts should be taken by the defendant as an announcement of the government's intention to use such evidence at trial. Because opinions of the parties often differ as to whether particular evidence goes to proof of matters inextricably intertwined, predicate, or part of the transactions charged, or rather constitutes extrinsic proof of intent, motive, plan, etc., under Fed. R. Evid. 404(b), the defendant should consider that the government intends to use all information provided in discovery to the extent any rule of evidence permits, absent an express indication to the contrary. In other words, the provision of any information by the government in discovery, to the extent that such information could be admitted at trial under the aegis of Fed. R. Evid. 404(b) should be considered notice to the defendant of the government's intention to use such evidence. Should defendant wish to bar the introduction in the government's case-in-chief of any evidence disclosed in discovery, a pretrial ruling should be sought *in limine*, or a stipulation obtained from the government.

## **CONCLUSION**

For the reasons stated above, the government requests that the court take notice of its intent to introduce the foregoing evidence under Fed. R. Evid. 404(b), 413 and 414.

Respectfully submitted, this July 21st, 2021.

                                        Respectfully submitted,

                                        DAVID H. ESTES
                                        ACTING UNITED STATES ATTORNEY

                                        ***/s/ Darron J. Hubbard***

                                        Darron J. Hubbard
                                        Special Assistant United States Attorney
                                        IL Bar Number 6313078

Post Office Box 8970
Savannah, GA 31412
Telephone Number: 912-652-4422

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | **CASE NO: 4:21-CR-47** |
| v. ) | |
| ) | |
| **ERIC T. NAKAMURA** ) | |

### CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **NOTICE OF INTENT TO OFFER PROOF OF OTHER CRIMES, WRONGS, AND ACTS** on all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This July 21st, 2021.

Respectfully submitted,

DAVID H. ESTES
ACTING UNITED STATES ATTORNEY

*/s/ Darron J. Hubbard*

Darron J. Hubbard
Special Assistant United States Attorney
IL Bar Number 6313078

Post Office Box 8970
Savannah, GA 31412
Telephone Number: 912-652-4422